PEOPLES GAS LIGHT & COKE CO., Plaintiff-Appellee, v. HOWARD WEITZMAN et al., Defendants-Appellants.

First District (5th Division)   Nos. 78-1807 through 78-1811 cons.

Opinion filed September 21, 1979.—Rehearing denied October 10, 1979.

William Henning Rubin, of Chicago, for appellants.

Norman P. Wexler, of Wexler, Wexler and Heller, Ltd., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendants appeal an order of the trial court granting plaintiff possession of gas meters which had been replevied from defendants. They raise issues concerning the issuance of the writs of replevin and the service of the writs. We affirm.

On May 16, 1978, the trial court conducted an ex parte hearing on plaintiff's motion for issuance of writs of replevin on certain gas meters without notice to defendants.[1] Plaintiff offered testimony from two witnesses in support of its motion. Anthony Delucio, an investigator for plaintiff, testified that he sought to remove plaintiff's gas meters from five buildings managed by defendants because defendants had not paid their gas bills and final notices and disconnection notices had been served without a satisfactory response by defendants. Additionally there was a suspicion that defendants were tampering with the meters. Delucio said that he had previously changed similar meters in buildings managed by defendants and had discovered evidence of gas theft and tampering. He also indicated that a tampered meter was a dangerous condition which could result in an explosion. Despite Delucio's demands that he be

---

[1] The proceedings were held in chambers because the court did not want to jeopardize an ongoing criminal investigation regarding defendants' alleged unauthorized use of natural gas.

allowed to remove the meters, defendants continually forbade him or anyone else to do so and, at times, threatened bodily harm if any employee of plaintiff was found on the premises without permission. Ernest Ursitti, a Chicago police officer, testified that he had investigated defendants and had found satisfactory evidence of an ongoing course of conduct involving theft or conversion of gas by them. He also testified that to the best of his knowledge the meters involved in the instant case were tampered with, even though he never personally viewed the meters. After hearing this testimony, the trial court entered an order that notice to defendants was not required because of the necessity to protect plaintiff from immediate pending harm which will result from the imminent destruction or concealment of their meters and immediate pending harm which will result from defendants' continued use of gas without payment. The meters were subsequently seized on May 23.

On May 31, a hearing was held on defendants' motion to dismiss the replevin proceeding and the motion was denied. On September 6, the trial court entered a final and appealable order granting plaintiff possession of the meters.

OPINION

Defendants contend that the trial court's May 16 order which excused giving them notice of the hearing on the issuance of the writs of replevin violated the due process clause of the fourteenth amendment to the United States Constitution.

■■ The trial court's order was in compliance with the Illinois replevin act (Act) (Ill. Rev. Stat. 1977, ch. 119). Section 4b of the Act (par. 4b) permits issuance of a writ of replevin without notice to defendant in several specified circumstances. Notice is not required if the plaintiff establishes and the court finds as a matter of record that summary seizure is necessary to:

> "(a) protect the plaintiff from an immediately impending harm which will result from the imminent destruction or concealment of the disputed property in derogation of the plaintiffs [*sic*] rights in the property;
>
> * * *
>
> (c) protect the plaintiff from an immediately impending harm which will result from the perishable nature of the disputed property under the particular circumstances at the time of the action * * *."

In the present case, plaintiff established and the court found that there was imminent danger that the meters would be tampered with and that defendants would be using natural gas without paying for it.

■■ Although the constitutionality of section 4b has not been tested yet, a

Louisiana statute containing a similar provision was found to be constitutional in *Mitchell v. W. T. Grant Co.* (1974), 416 U.S. 600, 40 L. Ed. 2d 406, 94 S. Ct. 1895. In *Mitchell,* a creditor made an ex parte application to a trial court for a writ of sequestration on certain property which it believed would be encumbered, alienated or otherwise disposed of if a writ were not immediately issued. The trial court issued the writ without ever having notified the debtor. The United States Supreme Court held that the statute which authorized such a nonnotice procedure did not violate the due process clause of the fourteenth amendment. The court noted that other procedures in the statute, such as the requirements that the affidavit in support of the sequestration states facts and that there would be an immediate hearing after the seizure, effected a "constitutional accommodation of the conflicting interests of the parties." 416 U.S. 600, 607, 40 L. Ed. 2d 406, 413, 94 S. Ct. 1895, 1900.

Similar protective provisions exist in the Act. Section 4 (Ill. Rev. Stat. 1977, ch. 119, par. 4) sets forth the facts which must be pleaded in the complaint for a replevin. Section 4b (par. 4b) sets forth the requirement that plaintiff must establish and the court must find as a matter of record and supported by evidence that summary seizure is justified. Section 4c (par. 4c) provides for a hearing on the issuance of a writ. Section 14 (par. 14) gives defendants the right to post a bond and retain the property until a judicial disposition. Section 22 (par. 22) provides for damages when judgment is entered against plaintiff. We find that these sections effect a constitutional accommodation of the conflicting interests of the parties and we hold that section 4b is constitutional. Since section 4b is constitutional, the trial court's order in compliance with that section does not violate the due process clause.

Defendants argue that the Supreme Court's decision in *Memphis Light, Gas & Water Division v. Craft* (1978), 436 U.S. 1, 56 L. Ed. 2d 30, 98 S. Ct. 1554, requires notice and a hearing whenever gas service is being terminated. Although the effect of the removal of the meters in this case was to terminate the gas service in some areas of the buildings, we do not agree with defendants' reading of the *Memphis* case. The *Memphis* case involved termination of gas service without first notifying homeowners on how they might discuss a disputed bill with company officials prior to termination. Unlike the instant case, there was no testimony that the homeowners were tampering with gas meters or that they were using natural gas without paying for it. We believe this to be a significant difference in the two cases which merits special emergency procedures to protect plaintiff's interest.

■■ Defendants next contend that the officer who served the writs on them had a statutory duty to tell them of their right to post bond in order to retain possession of the meters. Testimony given at the May 31 hearing

indicates that the sheriff did not specifically tell defendants of this right. However, the writs which were served on defendants contained a provision informing them of this right.

Section 14 (par. 14) of the Act states in pertinent part:

> "The officer serving such writ having taken the property or any part thereof shall forthwith deliver such property to the plaintiff unless the defendant executes a bond and security approved by such officer, before such property is actually delivered to the plaintiff. Such bond shall be given in an amount double the value of such property * * *."

Neither this section nor any other section of the Act places an affirmative duty on the sheriff to specifically inform defendants of the right to post a bond. Absent such a specific statutory command, we find that the officer was under no duty to specifically tell defendants of their right to post bond and that the notice in the writ was sufficient to apprise defendants of their right.

Defendants raise a number of other contentions, including a contention that the writs of replevin were being used as search warrants. We have carefully considered each of the additional contentions and we find that they either lack support in the record or are without merit.

Affirmed.

LORENZ and MEJDA, JJ., concur.